NORRIS McLAUGHLIN & MARCUS, P.A.
Candice H. Rienzo, Esq.
400 Crossing Boulevard, 8th Floor
Bridgewater, New Jersey 08807
908-722-0700
Direct: 908-252-4151
Email: chrienzo@nmmlaw.com
Attorneys for Defendant, Rutgers, the State
University of New Jersey (improperly pled as
Rutgers University Behavior Health) for the limited
purpose of filing this removal

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSEPH W. BERNISKY III, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | **ELECTRONICALLY-FILED** |
| vs. | : | |
| | : | |
| RUTGERS UNIVERSITY BEHAVIOR | : | |
| HEALTH, VICTORIA MORAN, LAURA | : | **NOTICE OF REMOVAL** |
| BURNS, THE WOODBRIDGE POLICE | : | |
| DEPARTMENT, P.O. ANDERSON, P.O. | : | |
| DOUGHERTY, AND JOHN & JANE | : | |
| DOES, ET AL.; | : | |
| | : | |
| Defendants. | : | |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant, Rutgers, The State

University of New Jersey (improperly pled as Rutgers University Behavior Health) ("Rutgers" or

the "Removing Defendant"), having its principal place of business located at Old Queens

Administration Building, 83 Somerset Street, New Brunswick, New Jersey 08901, hereby

removes this action, with full reservation of all defenses, including but not limited to the defense

that Rutgers was not properly served with process, which had been pending in the Superior Court

of New Jersey, Law Division, Middlesex County, Docket No. L-1958-18 (the "Subject Action"),

to the United States District Court for the District of New Jersey, and states as follows:

1.  <u>Complaint</u>.  On or about March 26, 2018, plaintiff, Joseph W. Benisky III ("Plaintiff"), filed a "Third Amended Complaint" (the "Complaint") against the Removing Defendant, the Woodbridge Police Department, P.O. Anderson, P.O. Doughtery and fictitious John and Jane Doe defendants, asserting claims that include violations of Plaintiff's Fourth Amendment rights, the Americans with Disabilities Act, 42 <u>U.S.C.</u> § 1211(8), the Federal Qui Tam Act and the Magnitsky Act. <u>See</u> Complaint at paragraphs 77-100. The docket number on the Complaint is MID-L-1473-18. The Clerk of the Superior Court, Middlesex Vicinage, records this matter as closed. The docket number that the Middlesex Vicinage filed the Complaint under is MID-L-1958-18. Copies of all pleadings and orders obtained by the Removing Defendant from Plaintiff in this action are attached as **Exhibit A**.

2.  <u>Basis for Jurisdiction in this Court</u>.  This Court has jurisdiction over this matter under 28 <u>U.S.C.</u> § 1331 because the Complaint raises a federal question.

3.  <u>Consent</u>.  Rutgers is the Removing Defendant and consents to removal. Defendants, the Woodbridge Police Department, P.O. Anderson and P.O. Doughtery also consent to removal. <u>See</u> Consent to Removal attached as **Exhibit B**. Upon information and belief, Victoria Moran and Laura Burns have not been served, and no proof of service has been filed as of today's date. The remaining Doe Defendants are identified as fictitious parties and have not, to the knowledge of the Removing Defendant, been identified or served. The consent of unserved, fictitious defendants is not required for removal.

4.  <u>Notice Given</u>.  The Removing Defendant will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of the New Jersey, Law Division, Middlesex County, New Jersey, and serve same as set forth in the Declaration of Service submitted herewith. <u>See</u> 28 <u>U.S.C.</u> §1446(d).

5.     Removal is Timely.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 and is timely filed within 30 days after April 2, 2018, the date the Removing Defendant received a copy of Plaintiff's Third Amended Complaint and Summons, under cover letter dated March 28, 2018, via certified mail return receipt requested.  See 28 U.S.C. §1446(b).  Upon information and belief, no defendant was properly served pursuant to the applicable court rules.

6.     Pleadings and Process.  As required by 28 U.S.C. §1446(a), the Removing Defendant has attached as **Exhibit A** to this Notice of Removal "a copy of all process, pleadings, and orders served upon" it in this action.

7.     Prerequisites.  The prerequisites for removal under 28 U.S.C. § 1441 have been met.

8.     Venue.  Removal to the United States District Court for the District of New Jersey is appropriate because this action is being removed from the Superior Court of New Jersey, Middlesex County, which is located within the District of New Jersey.

9.     Defenses. By removing this action to this Court, the Removing Defendant does not waive any defenses available to it.

10.    If any question arises as to the propriety of the removal of this action, the Removing Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable

WHEREFORE the Removing Defendant respectfully requests that this Notice of Removal be filed; that the Subject Action in the Superior Court of New Jersey, Essex County, be removed to this District Court; and that no further proceedings be had in the Superior Court of New Jersey, Middlesex County.

Dated:  May 2, 2018                NORRIS McLAUGHLIN & MARCUS, PA
                                   Attorneys for Defendant, Rutgers, the State University of
                                   New Jersey (improperly pled as Rutgers University
                                   Behavior Health), for the limited purpose of filing this
                                   removal


                                   By:    s/ Candice H. Rienzo
                                          Candice H. Rienzo

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, at the time of filing the within, the undersigned is not aware that the matter in controversy is the subject of actions pending in any other court, or of any pending arbitration or administrative proceeding.

Dated: May 2, 2018          NORRIS McLAUGHLIN & MARCUS, PA
                            Attorneys for Defendant, Rutgers, the State University of
                            New Jersey (improperly plead as Rutgers University
                            Behavior Health), for the limited purpose of filing this
                            removal

                            By:    s/ Candice H. Rienzo
                                   Candice H. Rienzo
                                   400 Crossing Blvd., 8th Floor
                                   Bridgewater, NJ  08807
                                   Telephone: (908) 722-0700
                                   Fax: (908) 722-0755
                                   chrienzo@nmmlaw.com

# EXHIBIT A

**PERSONAL & CONFIDENTIAL**

March 28, 2018

*Sent via US Certified Mail & RRR No. 7017268000038373735*
Ms. Susan Brown.
Director, Access Center
Rutgers University Behavioral Health Care
671 Hoes Lane
Piscataway, New Jersey 08854
Attention:    Susan Brown, Laura Burns, Victoria Moran, Maria Coleman

**Re:  Bernisky v. Twp. of Woodbridge/Police, Rutgers et. al. Case no. L-1473-18**

Dear Director Brown, Ms. Burns, Ms. Coleman/counsel -

Greetings. Please find attached a copy of a complaint and summons being served upon
your municipal town's police department and agency. This case is assigned to the
Honorable Judge Robert J. Jones with the case number referenced above. My Motion to
waive the filing fee was denied but the Court allowed for payment to allow. Please be
advised payment was received and the case is now active (See attached - court papers and
Order). If any person disputes this process if service, please indicate the person's name,
addresses, and an agent,, if any, by letter or email within (5) business days of
receipt/delivery of this summons to your agency, otherwise, process of service shall be
deemed proper and effectuated.

Please note my email address is joebernisky@aol.com and my mailing address is P.O
Box 355, Carteret, New Jersey 07008 and my full name is Joseph W. Bernisky III.

Your anticipated cooperation in this matter is greatly appreciated. Thank you.

Respectfully yours,

Joseph W. Bernisky
Plaintiff Pro se


Att.:    Summons and amended complaint

cc:      Clerk, Middlesex Superior Court

Filing Party: Joseph W. Bernisky III, pro se
Post Box 355
Carteret, New Jersey 07008
(848) 205-9012
Email: joebernisky@aol.com

---

JOSEPH W. BERNISKY III,

               Plaintiffs,

      v.

RUTGERS UNIVERSITY BEHAVIOR HEALTH, VICTORIA
MORAN, LAURA BURNS, THE WOODBRIDGE POLICE
DEPARTMENT, P.O. ANDERSEN, P.O. DOUGHERTY, AND
JOHN & JANE DOE, ET.AL.

               Defendants.

DOCKET NO. 0000/**2018**

SUPERIOR COURT OF
NEW JERSEY -
MIDDLESEX COUNTY
LAW DIVISION

CIVIL ACTION

SUMMONS

---

FROM THE STATE OF NEW JERSEY
TO THE DEFENDANT (S) NAMED ABOVE:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The
Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your
attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court
in the county listed above within (15) days from the date you received this summons, not counting the day you
received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil
Division Management Office in the count) listed above and online at http://wrvwjudiciary.state.nj.us/prose/10153
deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or
motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971,
Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case
Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or
motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name
and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your
rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case
Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court
may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.
If judgment is entered against you, the Sheriff may seize your money, wages or property to
pay all or part of the judgment.

    The address for the Deputy Clerk of Middlesex County is:

        Superior Court
        Attn: Law Division

Middlesex County Courthouse, 2nd Floor Tower
53 Paterson Street
P.O. Box 2633
New Brunswick, NJ 08903-2633
(732) 519 - 3728

  If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services if New Jersey Statewide Hotline at 1-888-LSNJ-Law (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

               _____
               Clerk of the Superior Court

Names of defendant(s) to be served:

1.  Rutgers University Behavior Health Care
2.  Victoria Moran, employee
3.  Laura Burns, employee
4.  Maria Coleman, employee

Address for service:

Rutgers University Behavioral Health Care
671 Hoes Lane
Piscataway, New Jersey, 08854

2

*Order & Decision*

NOTICE: This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number or active financial account or credit card number. This document as submitted will be available to the public upon request.

Name ~~JOSEPH W. BERNISKY IV~~

Address 36 CALVIN STR.
SEWAREN   NEW JERSEY   07077

Telephone Number 848-205-9012

Email Address joebernisky @ AOL.com

**FILED**
MAR 20 2018
Robert J. Jones, J.S.C.

Joseph W. BERNISKY III

Superior Court of New Jersey
Middlesex County (if applicable)
Docket Number: L-1473-18

_____
Plaintiff(s)/Appellant(s),

Rutgers University Behavioral Health Care

**Order Waiving Filing Fees**

_____
Defendant(s)/Respondent(s).

This matter having been brought before the court on application of JOSEPH . W. BERNISKY III,
(☑ plaintiff(s)/ ☐ appellant(s)/ ☐ defendant(s)/ ☐ respondent(s)) for an **Order** waiving filing fees pursuant to *Rule* 1:13-2 or *Rule* 2:7-1, and the Court having considered the moving party's financial information, the matter and for good cause appearing:

**(Do not write below this line, For Court Use Only)**
_____

It is on this 20th day of March, 20 18, **ORDERED** that the application for a fee waiver is

☐ Granted  ☑ Denied  *Stated monthly income exceeds Income Eligibility Guidelines.*

*(signature)*

HON. ROBERT J. JONES, J.S.C.



**New Jersey Courts**
Independence · Integrity · Fairness · Quality Service

Superior Court of New Jersey - Middlesex Vicinage

| | | |
|---|---|---|
| DAWN BREVARD-WATERS<br>Trial Court Administrator<br><br>IAN RATZLAFF<br>Civil Division Manager | N.J. Courts Website<br>http://www.njcourts.com/ | MIDDLESEX COUNTY COURTHOUSE<br>P.O. Box 1146<br>New Brunswick, NJ 08903-0964<br>OFFICE: (732) 645-4300 X 88371 |

3/22/2018

<u>To</u>: Joseph N. Bernisky III

<u>Re</u>: Filing Fee Waiver Request

Case Caption:      Joseph N. Bernisky III vs Rutgers University Behavioral Health Care, et als.
Docket Number:      MID L 1473-18

You filed the following pleading on February 26, 2018. You attached an indigency application to waive the filing fee of $250.00.

☒ Complaint    ☐ Answer    ☐ Motion    ☐ Order to Show Cause

☒ Your Application for Fee Waiver Request is denied by the Judge.

☒ A copy of the order is attached.

☒ Your filing cannot be accepted unless you pay the filing fee of $250.00

☐ Other:

Please resubmit your filing with the appropriate filing fee within ten (10) days of the date of this notice or your case will be closed without prejudice. We accept check or money order. Please make the payment of $250.00 made payable to "Treasurer of the State of NJ." Please send your check or money order to:

Superior Court of New Jersey
Middlesex County- Law Division
P.O. Box 2633
New Brunswick, NJ 08903-2633

Very truly yours,

Amanda Toll
Court Service Supervisor 2

-Filing fee - Receipt

SUPERIOR COURT OF NJ
MIDDLESEX COUNTY
FINANCE DIVISION

REG 03-26-2018(MON) 14:15
RITALI     MC#02     036871
                      CT   1

JOSEPH BERNISKY
L-1473-18
MO-751318
1 LAW
    TL             $250.00
    LAW-CK/MO   **$250.00**
                     $250.00



# New Jersey Courts
Independence • Integrity • Fairness • Quality Service

Superior Court of New Jersey - Middlesex Vicinage

| | | |
|---|---|---|
| DAWN BREVARD-WATERS<br>Trial Court Administrator<br><br>JOHN PUSHKO, ESQ.<br>Civil Division Manager | NJ Courts Website<br>www.njcourts.com<br> | Middlesex County Courthouse<br>P.O. Box 2633<br>New Brunswick, NJ 08903-2633<br>Office: (732)-519-3677<br>Fax: (732)519-3708 |

Date of clerk's notice:  3/23/2018

PLEADING:  Amended Complaint

Re:  MID L-  MID-L-1473-18

Joseph W. Bernisky III  vs.  Rutgers University Behavior Health et al.

## Superior Court of New Jersey, Law Division

**Your Fee Waiver Request was denied so until you pay the fee there is no Complaint to amend.**

X   The required filing fee of  $250.00

_____   A completed Case Information Statement as required by R. 4:5-1 in the form set forth in Appendices XII-B1 or XII-B2 of the NJ Court Rules (most recent update - December 7, 2015),

_____   The signature of an attorney permitted to practice law in this State pursuant to R. 1:21-1 or the signature of a party appearing pro se, provided, however, that a pro se appearance is provided for by these rules,

_____   The enclosed answer was presented by a defendant against whom default has been entered. You may move to vacate default,

_____   The demand for trial de novo was not filed within the time prescribed in R. 4:31-A-6 or ___ it was submitted for filing by a party in default ___ or whose answer has been suppressed,

_____   The enclosed paper does not conform to the requirements of R. 1:4-9.   1:4-1

_____   The enclosed paper lacks one of the four components required by December 22, 2014 Notice to the Bar regarding Wage Execution/Garnishment

_____   is (are) being transmitted to the Mercer County Vicinage Clerk's Office in Trenton and notice shall be sent to transmitting officer to the filer of the paper advising of the transmittal. The stamped received date shall be deemed to be the date of filing.

If this paper is retransmitted together with the required signature, document or fee, as appropriate, within ten days after the date of the clerk's notice, filing will be deemed to have been made on the initial stamped receipt date.

Sincerely,

Amanda Toti
Court Services Supervisor 2
732-645-4300 extension  88371
Middlesex County Vicinage

SUPERIOR COURT OF THE STATE OF NEW JERSEY
COUNTY OF MIDDLESEX

INDEX NO.
MID-L - 1473-18

JOSEPH W. BERNISKY III,

                              Plaintiffs,

                  -against-

RUTGERS UNIVERSITY BEHAVIOR HEALTH, VICTORIA
MORAN, LAURA BURNS, THE WOODBRIDGE POLICE
DEPARTMENT, P.O. ANDERSEN, P.O. DOUGHERTY, AND
JOHN & JANE DOE'S, ET.AL.

                              Defendants.

**THIRD AMENDED
COMPLAINT**

FILED & RECEIVED #5
2018 MAR 26 P 2:01
CIVIL RECORDS
N.J. SUPERIOR COURT
MIDDLESEX VICINAGE

STATE OF NEW JERSEY   )
                      )ss:
COUNTY OF MIDDLESEX )

### COMPLAINT

The Plaintiff, Joseph W. Bernisky III, brings forth this action against Defendants, Rutgers

University Behavior Health Care, Victoria Moran, Supervisor, Laura Burns, The Woodbridge

Police, P.O. Andersen, P.O. Dougherty, and John & Jane Doe and alleges:

### PARTIES

1.      That at all times herein, Plaintiff, Joseph W. Bernisky III, is a resident of the

Township of Woodbridge, located in Middlesex County, New Jersey. Mr. Bernisky was a

successful transportation executive and served very large clients on the east coast. Plaintiff, Mr.

Bernisky, worked successfully for several firms and had an excellent reputation within his chosen

trade. In his career, Plaintiff won various accolades from his supervisors. Mr. Bernisky is a

graduate of Rutgers University, and served as a Rutgers College Student Body President,

University Senator, honor student and who was tapped by his peers for his honorable and

distinguished service to Rutgers University.

2.     That, at all times herein mentioned, plaintiff, Joseph W. Bernisky III, is a person who became disabled due to serious injuries incurred in New York in 2005.

3.     Defendant Rutgers University Behavior Health Care ("RUBHC") is a mental health agency affiliated with Rutgers University, the State University of New Jersey, and is located in Middlesex County and other counties in New Jersey.

4.     Defendant Victoria Moran claims to be an employee for The Rutgers University Behavioral Health Care who appeared in this matter and works in Middlesex County, NJ.

5.     Defendant Laura Burns is referred to as Victoria Moran's supervisor in this matter and is also an employee at RUBHC in Middlesex County, New Jersey.

6.     The Woodbridge Police ("WPD"), and Officers A. Dougherty, Ofc. Anderson/Andersen, and Ofc. Dutcher, etc..were identified as alleged witnesses or actors in this matter and are employed by Woodbridge Township located in Middlesex County, New Jersey.

7.     Defendants John Doe 1 is alleged to have triggered this matter.

8.     Defendants John Doe/Jane Doe are any parties related to these matters.

### JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action.

10.    This Court has personal jurisdiction over each of the Defendants in this action pursuant to New Jersey code sections because they are employed and transacted business within the State of New Jersey and have committed tortuous and/or alleged illegal acts in Middlesex County, N.J., that have caused severe harm to Plaintiff, willfully damaged his reputation and his role a confidential whistle-blower/witness/informant, among other things.

2

11.     The venue is proper in that all defendants all transacted business within the jurisdiction of Middlesex County, New Jersey.

## GENERAL ALLEGATIONS

12.     That on or about February 26 or February 27, 2017 and at times thereafter the Defendants WPD wrote and published a report annexed hereto as exhibit "A" which contained false/misleading information (**Exhibit A – to be provided in discovery**), that was filed as a public record and published in connection with various employees in Woodbridge Twp. and Rutgers University Behavior Health Care (herein "Rutgers") , including, but not limited to - Officer Dougherty, Officer Anderson, Officer Dutcher, defendant Rutgers - Maria Coleman, Ms. Moran, Ms. Burns, insurance investigators and upon information and belief, others. In addition, Ms. Moran discussed and published a mental health evaluation, annexed hereto as exhibit "B" which contained damaging false statements (**Exhibit B – to be provided in discovery**).

13.     The underlined statements therein were **libelous**.

14.     In addition, upon information and belief, also on or about February 27, 2017, the defendants discussed similar allegations about the plaintiff with Officer Dougherty, Officer Anderson, my father, local officials and upon information and belief, others.

15.     The underlined statements therein were patently false and libelous.

16.     In addition, upon information and belief, on or about February 26, 2017 the Defendants colluded to concoct additional allegations about plaintiff that were materially false and misleading and willfully leaked his role as a confidential whistle-blower/witness/informant.

17.     Upon information and belief, at the time of the aforesaid written and/or oral publications, the defendant was actuated by actual malice in that the defendants knew that the

3

letters, reports and conversations and matters contained therein concerning the plaintiff so published, were false and untrue, or were published with recklessness and wanton disregard

18.     As a result of the publications and acts of the defendants in connection therewith, the Plaintiff has been held up to public contempt, ridicule and prejudice; has suffered great mental pain and anguish; and has been irreparably injured to his good name, business reputation, witness credibility, social standing and has lost the esteem and respect of friends, acquaintances, business associates, police members, family members, and of the general public.

### AS AND FOR A FIRST CAUSE OF ACTION –
#### *Libel*

19.     As a result of the forgoing the Defendants have committed libel.

20.     That as a result of the foregoing, Plaintiff has been specifically damaged in a sum that exceeds the jurisdictional amount of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION –
#### *Libel Per Se*

21.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

22.     As a result of the foregoing, the defendants have committed libel per se because the plaintiff is a whistleblower/witness/informant and the allegations were willfully made under false pretenses that were readily available to defendants causing damage to plaintiff in a sum that exceeds the jurisdiction amount of all lower Courts which would otherwise have jurisdiction.

4

## AS AND FOR A THIRD CAUSE OF *ACTION* -
### *Slander*

23.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the

paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and

effect as if more fully set forth at length herein.

24.     As a result of the forgoing, the defendant has committed slander.

25.     That as a result of the foregoing, plaintiff has been specifically damaged in a sum

that exceeds the jurisdictional amount of all lower Courts which would otherwise have

jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION –
### *Slander Per Se*

26.     Plaintiff repeats , reiterates and re-alleges each and every allegation set forth in the

paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and

effect as if more fully set forth at length herein.

27.     As a result of the foregoing the defendants have committed slander-per se because

the Plaintiff is a whistleblower/witness/informant and based upon the false allegations made

against him, the plaintiff has been damaged in a sum that exceeds the jurisdictional amount of all

lower Courts which would otherwise have jurisdiction.

## AS FOR A FIFTH CAUSE OF ACTION
### *Malicious Interference*

28.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the

paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and

effect as if more fully set forth at length here.

29.     Upon information and belief, the defendant's reckless leaking of confidential

5

information, requiring a response maliciously interfered with his life and role as a

whistleblower/witness/informant. By publishing false statements, such as, asserting that plaintiff

was a "delusional FBI Informant" and "diagnosing" the plaintiff with mental issues, Rutgers has

tainted plaintiff's medical record. The defendants even use the name of the FBI, a well respected

law enforcement agency, as part of a false narrative to maliciously damage plaintiff's role as a

whistleblower/witness/informant and threatened his freedom and liberties.

30.    Defendant Moran also "diagnosed" plaintiff as being "psychotic" because he

maintained court paper records in his basement and conducted research at the library. Notably, no

reference was made over any prior incident reports known to exist that may help explain these

issues cited by WPD. One such report, in 2015, informed the Woodbridge Police of a criminal

hacking that stole plaintiff's files and e-evidence and then demanded large sums of money for the

files to be returned. I was advised this was a criminal cyber attack - that experts at Norton

Security who went into the computer determined it was hacked with "ransomware" - which they

described to be highly sophisticated NSA level spyware. I was advised to make a police report

which was made on January 24, 2015 (**No. 15010080**). In addition, plaintiff was a victim of a

'phishing' scheme that impersonated New York Supreme Court Reporters inside plaintiff's legal

proceeding before the New York Supreme Court. Plaintiff also filed an incident report with the

NY Courts Inspector General, of which, plaintiff was thanked for his diligent help to protect the

N.Y. Courts system from malicious cyber attacks. The Defendants neglected to include these

important facts which were readily available to them. Instead, out-of-nowhere, defendants

"diagnosed" plaintiff with a "mental illness" without any discussions, medical reviews or any

evidence. Notably, plaintiff referenced, before the police actions, behavior from his father that

appeared erratic and appeared as if he trying to "stage" an incident. These observations were preserved and recorded.  It was also uncovered that a police "witness," offered by the municipal prosecutor in the WPD traffic ticketing case, namely, P.O. Thomas Dutcher, arrested my father for a DWI in 2009. It is unfair and unjust for the plaintiff to be accused of a "mental illness" for being a victim of crime or for following the advice of the police in 2015. These facts were omitted and raise questions over training policies and procedures for whistleblowers/witnesses.

31.    Defendant Rutgers never had my permission or consent to evaluate me. Defendant Moran's report makes false/misleading statements that lie when she claims as fact that I "endorsed" her claims I was "delusional" and "working for the FBI." The fact of the matter is I worked with the State Attorney General of New York and Manhattan District Attorney who met numerous times with plaintiff and/or a whistleblower lawyer.  Any statements to the contrary are false and/or misleading and undermine plaintiff's role as a whistleblower/witness/informant.

## AS AND FOR A SIXTH CAUSE OF ACTION –
### Defamation

32.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

33.    Defendants made and published defamatory statements about the Plaintiff by falsely asserting, inter alia, that plaintiff "endorsed paranoia" and had "delusions" that "he works for the FBI and is a lawyer..." These statements (offered as fact) are demonstrably false. They will be proven to be lies. Also, defendant Moran accused plaintiff of being a lawyer, a crime pursuant to Section 2C:21-22 – Unauthorized Practice of Law, in New Jersey. Defendant's statements represent "defamation" and "defamation per-se," in that they falsely depicted plaintiff

7

to appear mentally unstable and engaging in criminal behavior which are patently false and at a minimum grossly negligent reports and publications.

34.    The Defendant's defamatory statements were made as assertions of fact.

35.    The Defendant's defamatory statements were of and concerning the plaintiff.

36.    The Defendant's defamatory statements were designed to (1) discourage members of the public to believe Plaintiff's credibility as a Whistleblower/Witness/Informant, (2) harm Plaintiff's reputation, (3) use the false statements, i.e., that Plaintiff had "delusions of working with the FBI" as a means to defame Plaintiff and (4) subject the Plaintiff to public contempt, disgrace, or ridicule, and 4) adversely affect Plaintiff's business, legal cases, medical care, privacy, freedoms, liberties and human rights.

37.    Defendant's acted with actual malice. Defendants' defamatory statements were knowingly false and/or made with a reckless disregard for the truth or falsity of the statements at the time the statements were made. Nowhere in the Defendant's 13-page 'report' did they clarify their accusation that I was "hoarding" files because, in fact, plaintiff's computer was targeted by criminal hackers. Defendant Moran also used duplicitous words, such as implying that plaintiff "endorsed" defendant Moran's medical "diagnosis" and "appearance" at plaintiff's home. These are falsehoods. Plaintiff denies defendant Moran's impersonation of plaintiff's so-called "consent" of her actions. On the contrary and any impersonation made for pecuniary gain or to target a whistleblower/witness/informant is a violation of N.J.S.A 2C:21-17 - Impersonation/ Theft of Identity.  Defendants also mocked, disrespected and engaged in hyperbole by using Plaintiff's medical and disability issues as weapons of wrongdoings for what amounts to a shameful **smear campaign**. Plaintiff was a victim of Hurricane Sandy and struggled to deal with severe hardship,

8

including but not limited to improper delays in social security benefits, harsh restrictions by the homeowner to allow plaintiff to make reasonable accommodations for a disabled person and a flood zone and a harassing pattern of events, like this one, interfering with plaintiff's progress.

38.   Plaintiff has worked hard to earn a good reputation and advocate for the disabled and was recognized in a personal letter from U.S. President Barrack J. Obama.

39.   The Defendant's defamatory and fraudulent statements were not privileged.

40.   The Defendant's defamatory statements were willful and caused officials and some of plaintiff's own family to question his credibility - and to use this fraud to threaten plaintiff's role as a whistleblower/witness/informant. Using false information to "diagnose" plaintiff to exert undue influence upon him or his decision to assist investigators is a violation of Tampering with Witnesses and Informants: Retaliation against them (N.J.S.A. 2C:28-5 and/or 18 U.S. Code § 1512 - Tampering with a witness, victim, or an informant).

41.   As a result of the conduct of the defendants, plaintiff has suffered and continues to suffer substantial damages to be determined by trial.

## AS FOR A SEVENTH CAUSE OF ACTION –
### Defamation Per Se

42.   Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

43.   The Defendant's defamatory statements constitute defamation *per se*. The harmful natures of the defamatory statements are self-evident.

44.   The defamatory statements included accusing plaintiff of "delusions of working

with the FBI," and, "obsessing about this lawyer" (The referenced lawyers - believed to be either

Joe Tacopina, Esq. and/or Scott Epstein, Esq. - who sued plaintiff in what some officials

described as **extortion** - who used $1 mm "defamation" case to harass plaintiff). The lawyer had

to be warned by a N.Y. Supreme Court Judge about giving false testimony under oath.

Ultimately, the Judge sided with this plaintiff and dismissed their phony, vexatious lawsuit.

Notably, the same issues that angered the Judge were the same issues a witness and I complained

to defendant WPD in 2012. At the time, the WPD decided not to pursue the matter. It was later

learned that former NYC Police Commissioner, Bernie Kerik, accused Tacopina of "conduct

involving dishonesty, fraud, deceit, and/or misrepresentation" (N.Y. Daily News, Dec. 28, 2013)

and of violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et

seq. ("RICO"). If defendant Moran accuses me of "delusions," she should include all of the facts.

Notably, the lawyers in question were accused of alleged "extortion" and "blackmail" by former

clients and law partners. Defendant Moran's false accusation that plaintiff was pretending to be a

"lawyer," a criminal offense in New Jersey, is false and constitutes classic examples of

defamation *per-se*.

45.    The defendant's falsehoods have seriously damaged Plaintiff's relationships,

caused tremendous stress affecting his disability, and place a permanent blemish on Plaintiff's

fine record and threaten plaintiff's from his role as a whistle-blower/witness/informant in the

various jurisdictions and believed to include other proceedings damaging to this plaintiff.

46.    As a result of the defamatory *per-se* conduct of defendants, the plaintiff is entitled

to an award of presumed and punitive damages.

<u>AS AND FOR AN EIGHTH CAUSE OF ACTION</u> –
*Malice, Fraud & Identity Theft*

10

47.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

48.     That the defendants acted with malice, implied malice, and fraud by publishing false/misleading statements against plaintiff intended to embarrass, damage, and publish privileged information which would undermine his role as a whistleblower/witness/informant.

49.     Defendant Moran asserted in her mental health evaluation that this plaintiff "endorsed" her services and "diagnoses" of being "psychotic" and "paranoid." This is absurd and intentional lies. In fact, plaintiff has knowledge to believe that there are conflicting stories as to who called defendant Rutgers for a psych exam which, at least, deserves fact-finding discovery.

50.     The defendants also accused plaintiff of being a "lawyer," which, is a criminal act in New Jersey pursuant to N.J.S.A. 2C:28-4a. This is a patently false statement. Ms. Moran's reliance of hearsay is no excuse. No proof exists and such false statements are defamatory.

51.     By proffering false/misleading statements, seemingly based upon hearsay, such as the defendant's claim that plaintiff claimed he "worked for the FBI," were false and damaged his role as a confidential whistle-blower/witness/informant outside the false FBI accusations.

52.     The police acted in matters they previously asserted they lacked jurisdiction.

53.     Plaintiff regularly helps his elderly Father and has been generous with his time on many issues, including but not limited to his alleged DWI's, traffic tickets, and his mother's illness (my grandmother) and the acts herein se acts by defendants, to make the plaintiff appear" delusional, psychotic, and/or mentally unstable" are falsehoods and unconscionable.

54.     The police allege that my father called them ("trigger" event) but repeated

11

discovery/subpoenas for the phone logs and/or recorded conversations by the WPD in their traffic case were withheld, suppressed, or destroyed which violates the plaintiff's due process rights.

## AS FOR A NINTH CAUSE OF ACTION –

### *Warrantless Search & Seizure*

55.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

56.    Upon information and belief, Plaintiff was placed under surveillance/stakeout under false pretenses and was improperly detained and searched in violation of his Fourth Amendment rights. Plaintiff has reason to believe his private living space was searched without consent/warrant. Plaintiff was interrogated by defendants Moran and P.O. Dougherty under the threat of lethal force. Plaintiff was initially unable to obtain a proper identification or reasoning from Moran over the matter. Moreover, when plaintiff realized Moran sought information over his pending investigations and legal proceedings, which may be privileged, without counsel, she accused plaintiff of a mental illness, in violation of the Fourteenth Amendment's Immunity & Privilege, Equal Rights and Due Process clauses of the U.S. Constitution and State Rights.

57.    In the police traffic case, plaintiff was denied access to exculpatory evidence.

58.    The Fourth Amendment of the U.S. Constitution and Article I of the New Jersey Constitution prohibits warrantless searches without good cause. In this case, no good cause exists. The police withheld, inter alia, 911 phone recordings, in violation of *Brady #490, 373 U.S. 83 (1963)* and *Giglio 450 U.S. 150 (1972)* disclosure requirements via a related court filing by the WPD. Based upon information, plaintiff's father made a phone complaint about plaintiff to

12

trigger the police actions. Plaintiff has made numerous attempts to obtain exculpatory evidence, such as the recorded call, but has been stonewalled. Plaintiff's father made threats to plaintiff, including over his political views during the 2016 election.

## AS FOR A TENTH CAUSE OF ACTION
### *Freedom of speech*

59.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

60.     The actions taken by the defendants violate plaintiff's First Amendment because they had the effect to chill free speech by threatening him with a false mental illness to control his behavior and jeopardize his freedoms and liberties and rights for redress and to petition.

61.     To deprive the Plaintiff of his constitutional rights within legal proceedings is unconscionable and shocking. Also, any leaks of confidential information and delays resulting from such reckless acts by the defendants must be borne by them and held accountable.

62.     The smear campaign coincidentally came just several weeks after plaintiff filed a Securities & Exchange Commission complaint to Sen. Chuck Grassley, Chairman of the Senate Judiciary Committee, over alleged corruption at the directives of his elected officials.

## AS FOR AN ELEVENTH CAUSE OF ACTION

### *Tortious Interference*

63.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

64.     Plaintiff was credible and had retained a whistleblower law firm under a retainer

13

and had former federal prosecutors seek to work under contractual terms for any recoveries.

65.    Plaintiff has adequate evidence to prove (1) actual interference with a contract;

(2) that the interference was inflicted intentionally by the defendants;

(3) that the interference was without justification; and

(4) that the interference caused and causes substantial damages.

66.    Upon information and belief, Defendant Rutgers has major ties to actors/subjects related to the whistleblower/witness/informant matters and currently under investigation.

67.    That Defendants withheld exculpatory evidence in their related quasi-criminal traffic tickets case and refuse to certify responses to Discovery/Subpoenas.

## AS FOR A TWELTH CAUSE OF ACTION

### *Deprivation of rights under Color of the Law - Official Misconduct*

68.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

69.    Any officials who have taken oaths to tell the truth and enforce the law are prohibited from filing false charges or false reports under the color of the law to willfully smear, corrupt, conspire or provide false/misleading statements are in violation of their official duties and pose a threat to the public and their constitutional protections and rights.

70.    Plaintiff contends that it is highly inappropriate for any defendant to knowingly withhold requested court records or to refuse to certify subpoenas and if this was done to conceal misbehavior it violates N.J.S.A. 2C:30-2; the New Jersey Official Misconduct Law.

## AS FOR A THIRTEENTH CAUSE OF ACTION -

14

*Interference with official investigations*

71.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

72.     Based upon the bizarre "psych" report - any suppression of evidence or refusal to certify responses under oath may also constitute a spoliation claim. If any delays are found to be intentional and/or to hinder any investigation, they may be interpreted as obstruction.

73.     The actions taken by the defendants, John Doe, the WPD and Rutgers, all working together, has had the chilling effect of interfering with plaintiff's role as a whistleblower/witness/informant by threatening his freedoms and constitutional rights.

## AS FOR A FOURTEENTH CAUSE OF ACTION -
### *Violations of the N.J. Crime Victims Bill of Rights*

74.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

75.     Plaintiff was the victim of a violent assault and crime while at a lounge with his friends for his birthday, in Manhattan, on or about May 10, 2005 causing a permanent disability.

76.     The Plaintiff has taken extensive time, resources and money to help, cooperate, and work with officials to address alleged criminal activity tied to the nightclub where Plaintiff was injured. The defendant's actions to intimidate, embarrass, and bully Plaintiff are not only dishonorable but openly violate the New Jersey Rights of Crime Victims and Witnesses Bill of Rights pursuant to N.J.S.A. § 52:4B-36 prohibiting harassment of crime victims.

## AS FOR A FIFTEENTH CAUSE OF ACTION
### *Obstruction of justice*

77.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

78.     As stated, prior to the police incident, plaintiff was directed by government officials to file a complaint with the Senate Banking and Whistleblower Committees, and did so.

79.     Plaintiff soon afterwards began to experience harassment.

80.     Defendant's reference Plaintiff's "whistleblower" status in their official reports. They assert Plaintiff's father was "fed up" and complained that plaintiff changed a "hot water heater" setting. These are not criminal, illegal or prohibited acts nor constitute a valid reason for a warrantless search of plaintiff to violate his Fourth Amendment rights.

81.     The behavior described herein does not justify an unconstitutional warrantless search of Plaintiff's living space. Plaintiff had a reasonable expectation of privacy. Any evidence obtained this way is barred under the "fruit-of-the-poisonous-tree" doctrine and is inadmissible. Further a licensed plumber had shut down plaintiff father's heater by "Red-tagging" it as unsafe and illegally installed. Plaintiff believes the illegal installation of the hot water heater caused his Father to act irrationally and fabricate facts seemingly to cover his own behavior and animus.

82.     Various laws protect witnesses and whistleblowers who participate in investigations and judicial proceedings, including Congressional investigations.

83.     The interference by the Defendants – Rutgers University - caused willful alarm, intimidation and stress that one may reasonably construe as "obstruction." The six most general outlaw obstruction of judicial proceedings (18 U.S.C. 1503), witness tampering (18 U.S.C.

1512), witness retaliation (18 U.S.C. 1513), obstruction of congressional or administrative proceedings (18 U.S.C. 1505), conspiracy to defraud the United States (18 U.S.C. 371), and contempt (a creature of statute, rule and common law). Any party seeking to conceal or suppress summoned information or hide records in bad faith and should be held fully accountable.

84.     The defendants are in contempt by failing to comply with lawful subpoenas.

## AS FOR SIXTEENTH CAUSE OF ACTION -

### *Retaliation - Gross negligence - Qui Tam*

85.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and effect as if more fully set forth at length herein.

86.     That at all times herein mentioned, Plaintiff was involved, contracted, cooperating, and/or working with officials, court officers, lawyers, investigators on issues related to alleged criminal and/or improper activities affecting the U.S. Government and protected under Qui Tam laws, including but not limited to - the New York False Claims Act, NYC False Claims Act, Federal Qui Tam Act, 31 US Code Section 3730 (h), Securities & Exchange Commission (SEC), all include anti-retaliation laws even if a lawsuit is not filed. Conducting an investigation without knowledge of the existence of the False Claims Act is still considered "in furtherance of" an action. This is to protect from retaliation those who plan to file a case, and take action in furtherance of a case, but for whatever reason never actually file a FCA action.

87.     As these matters require strict **confidentiality,** plaintiff has properly alerted the Court and requests that all parties maintain strict confidentiality to avoid further leaks/damages.

88.     Defendant WPD previously documented issues related to extortion, with a witness

17

present, but took to action. A resulting report from an internal investigation asserted the WPD

lacked **"jurisdiction"** over the matter. Yet, despite this, the police violated their prior positions

that they lacked jurisdiction. By reopening these issues defendants may have extended/tolled any

statute of limitations on all the matters they referenced. It has also been discovered that defendant

Ofc. Andersen may have made false/misleading statements in her police report that materially

contradict those of defendant Moran, as to who called for a "psych" evaluation. If false

information was proffered to a state "outreach" medical program to smear a

whistleblower/witness/informant, with a false "mental" illness claim, and to damage the victim's

character, constitutional rights, and recovery, such acts may be interpreted as an abuse power and

retaliatory. It also raises public policy questions over whether such "outreach" programs have

proper oversight, training and safeguards to protect the public from any authorities who might

use or misuse such agencies to target individuals and abuse their constitutional rights.  Moreover,

given the seriousness of the violations and contradictory statements, the defendants should not be

permitted to hide under "immunity" claims. Plaintiff is willing to prove each and every allegation

contained herein and court Discovery should be permitted ASAP.

89.     Threats posed by defendants were fully documented before they were enacted.

90.     Upon information and belief, Plaintiff has credible evidence of contradictory

written official statements over who called for a "psych" evaluation in this matter.

<u>**AS FOR A SEVENTEENTH CAUSE OF ACTION**</u>

*Discrimination of Disability - N.J. LAD & ADA Law*

91.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the

paragraphs of this Complaint numbered "1" through "99", inclusive, with the same force and

effect as if more fully set forth at length herein.

92.     Plaintiff was mocked, harassed and retaliated against due to hardship from his
physical disabilities and handicaps. Defendant Moran also failed to report a life-threatening
bacterial infection that left plaintiff bed-ridden for periods of time. Plaintiff was twice
hospitalized for these serious medical conditions.  Defendant Rutgers also failed to answer
lawfully issued subpoenas for records, including for defendant Moran's file, her licenses/permits
and alleged authority to make medical diagnoses. To date, no licenses were produced.

93.     These issues were ignored by the alleged Rutgers "outreach" program.

94.     The defendants showed bias and prejudice by mislabeling plaintiff's physical
medical disability into a "mental illness" that threatens his freedoms, liberties and medical care.

95.     Prior to the police actions, plaintiff made good faith efforts to make reasonable
modifications to the premises, due to the flooding damage, at his own expense, so he could fully
enjoy the premises, without issues or reprisals, pursuant to directives of the N. J. Attorney
General. Plaintiff's good faith efforts were rejected by defendant John Doe and used against him
violating the New Jersey's Fair Housing Law via the N.J. Law against Discrimination [LAD law -
N.J.S.A. 10:5-3 (5) et seq. & 42 USC §1211 (8)] et al.

96.     Plaintiff should not be penalized or harassed due to his physical disabilities.

97.     Plaintiff's physical disability was used to discriminate and damage him.

98.     Plaintiff has no other avenue of redress necessitating this action.

99.     In the above-referenced complaint, if any of the allegations are determined to also
include any human rights abuses and/or corruption, the defendants may be subject to the
newly enacted Magnitsky Act Sanctions Regulations, 31 CFR Part 584  that was signed by the

President under a state of emergency and that protects U.S. citizens from human rights violations and corruption and which empowers the U.S. Dept. of Treasury to gain special powers, including but not limited to file sanctions against any person or organization determined by the government to be a violator and listed. Plaintiff has been forced to file this complaint because all efforts to resolve this amicably were not reciprocated as no other known forms of redress are available. Plaintiff reserves his right, after further investigation, to amend this complaint based upon any new information and Plaintiff respectfully requests full confidentiality protections.

100.   While the Plaintiff prays that the Defendants will act in good faith to resolve the issues, if not, Plaintiff respectfully requests full and expedited Discovery be allowed ASAP.


**THEREFORE**, Plaintiff prays for relief for all compensatory damages, general damages, special damages, future damages, incidental damages, and punitive damages in the sum decided in an amount decided at the time of trial along with all costs and fees.

Filing date (s)                                  X
3rd Amended, March 26, 2018       JOSEPH WILLIAM. BERNISKY III
       Original on file                 Plaintiff/Pro Se
       w/ court                         P.O. Box 355
                                        Carteret, New Jersey 07008



Original Date:        Middlesex County, New Jersey
                      February 26, 2018



20

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSEPH W. BERNISKY III, | : |
| Plaintiff, | : CIVIL ACTION NO.: |
|  | : **ELECTRONICALLY-FILED** |
| vs. | : |
| RUTGERS UNIVERSITY BEHAVIOR HEALTH, VICTORIA MORAN, LAURA BURNS, THE WOODBRIDGE POLICE DEPARTMENT, P.O. ANDERSON, P.O. DOUGHERTY, AND JOHN & JANE DOES, ET AL.; | : **CONSENT TO REMOVAL BY THE WOODBRIDGE POLICE DEPARTMENT, P.O. ANDERSON AND P.O. DAUGHTERY** |
| Defendants. | : |

Defendants, The Woodbridge Police Department, P.O. Anderson and P.O. Doughtery,

without waiver of, or prejudice to, any of their defenses, hereby consent to the removal of this

case, originally filed in the Superior Court of New Jersey, Middlesex County, Law Division,

under Docket No. MID-L-1473-18, to the United States District Court for the District New

Jersey.

By: _____

Dated:  April 25, 2018

James P. Nolan, Jr.
James P Nolan & Associates, LLC
61 Green Street
Woodbridge, NJ 07095-2915
Phone: (732) 636-3344
Fax: (732) 636-1175
Email:  jnolan@jpnlaw.us
Attorneys for Defendants, The Woodbridge Police
Department, P.O. Anderson and P.O. Doughtery