**LAW OFFICES OF**
# JAMES P. NOLAN
# & ASSOCIATES
A Limited Liability Company

James P. Nolan, Jr., ID #004591987
*Certified Criminal Trial Attorney*
Fredrick L. Rubenstein, ID #004651994
Eric L. Lange, ID #038441997
*Admitted in NJ & NY*
Brian A. Bontempo, ID #151162016
Sanford Rader, ID #190871960
*Of Counsel*

October 9, 2018

**Via Electronic Filing**
William T. Walsh, Clerk
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      RE:    Joseph Bernisky v. Township of Woodbridge, et al.
              Case 3:18-cv-08735-PGS-DEA

Dear Mr. Walsh:

      Enclosed please find an Answer to Plaintiff's Complaint being filed on behalf of Defendant, Township of Woodbridge, improperly Pled as the Woodbridge Police Department, Police Officer Anderson and Police Officer Dougherty. This Answer is being filed in accordance with the terms set forth in the October 3, 2018 Order of the Honorable Douglas E. Arpert U.S.M.J. (Document #22 on docket Sheet).

      Thank you for your kind attention to this matter.

                                          Very Truly Yours,

                                          Brian A. Bontempo, Esq.

Brian A. Bontempo, Esq. (Attorney ID #151162016)
JAMES P. NOLAN & ASSOCIATES, LLC
61 GREEN STREET
WOODBRIDGE, NEW JERSEY 07095
TEL: (732) 636-3344 FAX: (732) 636-1175
ATTORNEYS FOR DEFENDANTS, Township of Woodbridge Improperly Pled as The Woodbridge Police Department, Police Officer Anderson and Police Officer Dougherty

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH W. BERNISKY III, | CIVIL ACTION |
| PLAINTIFF, | |
| V. | Case No. 3:18-cv-08735 |
| RUTGERS UNIVERSITY BEHAVIOR HEALTH, VICTORIA MORAN, LAURA BURNS THE WOODBRIDGE POLICE DEPARTMENT, P.O. ANDERSON, P.O. DOUGHERTY AND JOHN & JANE DOES, ET AL. | **ANSWER TO COMPLAINT AND SEPARATE DEFENSES** |
| DEFENDANTS. | |

Defendants, TOWNSHIP OF WOODBRIDGE, POLICE OFFICER ANDERSON and POLICE OFFICER DOUGHERTY, ("Defendants") by way of answer to complaint says as follows:

### PARTIES

1. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

2. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

3. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

4. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

5. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

6. It is admitted that Officer Anderson and Officer Dougherty are employed by the Woodbridge Police Department.

7. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

8. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

## JURISDICTION AND VENUE

9. Admitted.

10. Denied.

11. Admitted.

## GENERAL ALLEGATIONS

12. These Defendants are unable to respond to this allegation as the referenced report was not attached and is not specifically identified.

13. These Defendants are unable to respond to this allegation as the referenced report was not attached and is not specifically identified.

14. These Defendants are unable to respond to this allegation as the referenced report was not attached and is not specifically identified.

15. These Defendants are unable to respond to this allegation as the referenced report was not attached and is not specifically identified. However it is denied that these defendants made any false or libelous statement.

16. Denied.

17. Denied.

18. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION
*Libel*

19. Denied.

20. Denied.

## AS AND FOR A SECOND CAUSE OF ACTION
### *Libel Per Se*

21. Defendants repeat and re-allege their responses to Paragraphs 1 through 20 as if set forth more fully herein.

22. Denied.

## AS AND FOR A THIRD CAUSE OF ACTION
### *Slander*

23. Defendants repeat and re-allege their responses to Paragraphs 1 through 22 as if set forth more fully herein.

24. Denied.

25. Denied.

## AS AND FOR A FOURTH CAUSE OF ACTION
### *Slander Per Se*

26. Defendants repeat and re-allege their responses to Paragraphs 1 through 25 as if set forth more fully herein.

27. Denied.

## AS FOR A FIFITH CAUSE OF ACTION
### *Malicious Interference*

28. Defendants repeat and re-allege their responses to Paragraphs 1 through 27 as if set forth more fully herein.

29. Denied.

30. Denied.

31. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

## AS AND FOR A SIXTH CAUSE OF ACTION
### *Defamation*

32. Defendants repeat and re-allege their responses to Paragraphs 1 through 31 as if set forth more fully herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

39. Denied.

40. Denied.

41. Denied.

## AS FOR SEVENTH CAUSE OF ACTION
### *Defamation Per Se*

42. Defendants repeat and re-allege their responses to Paragraphs 1 through 41 as if set forth more fully herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### *Malice, Fraud & Identity Theft*

47. Defendants repeat and re-allege their responses to Paragraphs 1 through 46 as if set forth more fully herein.

48. Denied.

49. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## AS FOR A NINTH CAUSE OF ACTION
### *Warrantless Search & Seizure*

55. Defendants repeat and re-allege their responses to Paragraphs 1 through 54 as if set forth more fully herein.

56. Denied.

57. Denied.

58. Denied.

## AS FOR AN TENTH CAUSE OF ACTION
### *Freedom of Speech*

59. Defendants repeat and re-allege their responses to Paragraphs 1 through 58 as if set forth more fully herein.

60. Denied.

61. Denied.

62. Denied.

## AS FOR AN ELEVENTH CAUSE OF ACTION
### *Tortious Interference*

63. Defendants repeat and re-allege their responses to Paragraphs 1 through 62 as if set forth more fully herein.

64. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

65. Denied.

66. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

67. Denied.

## AS FOR A TWELFTH CAUSE OF ACTION
### *Deprivation of rights under Color of the Law-Official Misconduct*

68. Defendants repeat and re-allege their responses to Paragraphs 1 through 67 as if set forth more fully herein.

69. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

70. Denied.

## AS FOR A THIRTEENTH CAUSE OF ACTION
### *Interference with official investigations*

71. Defendants repeat and re-allege their responses to Paragraphs 1 through 70 as if set forth more fully herein.

72. Denied.

73. Denied.

## AS FOR A FOURTEENTH CAUSE OF ACTION
### *Violations of the N.J. Crime Victims Bill of Rights*

74. Defendants repeat and re-allege their responses to Paragraphs 1 through 73 as if set forth more fully herein.

75. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

76. Denied.

## AS FOR A FIFTEENTH CAUSE OF ACTION
### *Obstruction of Justice*

77. Defendants repeat and re-allege their responses to Paragraphs 1 through 76 as if set forth more fully herein.

78. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

79. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

80. Denied.

81. Denied.

82. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

83. Denied.

84. Denied.

## AS FOR SIXTEENTH CAUSE OF ACTION
*Retaliation-Gross negligence-Qui Tam*

85. Defendants repeat and re-allege their responses to Paragraphs 1 through 84 as if set forth more fully herein.

86. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

87. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

88. Denied.

89. Denied.

90. Denied.

## AS FOR A SEVENTEENTH CAUSE OF ACTION
*Discrimination of Disability-N.J. LAD & ADA Law*

91. Defendants repeat and re-allege their responses to Paragraphs 1 through 90 as if set forth more fully herein.

92. Denied.

93. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

94. Denied.

95. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

96. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

97. Denied.

98. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

99. Denied.

100. This allegation is neither admitted nor denied and defendants leaves plaintiff to his proofs.

**WHEREFORE,** these Defendants demand judgment dismissing the complaint, together with fees and costs.

## SEPARATE DEFENSE

1. Any and all injuries and damages that Plaintiff may have sustained were caused by Plaintiff's sole negligence.

2. Any and all injuries and damages that Plaintiff may have sustained were caused by Plaintiff's contributory negligence.

3. Any and all injuries and damages that Plaintiff may have sustained were caused solely by the negligence of third persons over whom these Defendants had no control.

4. Any and all injuries and damages that Plaintiff may have sustained were caused solely by the negligence of third parties not parties to this suit and unknown to these Defendants.

5. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

6. These Defendants did not violate any duty owed to Plaintiff under common law, statute, regulations and/or standards.

7. These Defendants conduct was not negligent.

8. These Defendants conduct was not the proximate cause of Plaintiff's alleged damages.

9. This Court lacks subject matter jurisdiction over the subject matter alleged in Plaintiff's Complaint.

10. Plaintiff's alleged damages were due to unavoidable circumstances and causes beyond the control or fault of these Defendants.

11. These Defendants expressly and specifically reserve and implead any and all rights, remedies and immunities pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*, and, as such, the Plaintiff is barred from recovery.

12. These Defendants assert all of the immunities, rights and privileges afforded by the New Jersey Tort Claims Act, *N.J.S.A.* 59:1-1, *et seq.*, including but not limited to Sections 2-2,2-3,2-6,2-7,3-1,3-2,3-7,4-1,4-2,4-3,4-4,4-5,4-6,4-7,4-8,4-9,8-3,8-4,8-5,8-6,8-7,8-8,8-9, 8-10,9-2,9-3,9-4 and 9-6.

13. These Defendants are immune from liability for any damages for pain and suffering pursuant to *N.J.S.A.* 59:9-2(d).

14. These Defendants, if involved at all, acted within the scope of their authority and in good faith in the performance of their duties and therefore these Defendants are entitled to qualified immunity.

15. These Defendants, if involved at all, acted reasonably and properly under the circumstances.

16. These Defendants acted at all times with probable cause.

17. These Defendants deny the allegations of improper conduct as set forth in Plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a constitutional violation.

18. These Defendants, in carrying out its duties, acted in good faith and without malicious intent to deprive Plaintiff of his constitutional rights.

19. The Plaintiff has failed to exhaust her State and/or administrative remedies.

20. Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

21. Plaintiff's claims are barred by the doctrine of laches.

22. Plaintiff's claims are barred by the doctrine of unclean hands.

23. Plaintiff's action has been commenced in bad faith and with the intent to harass these Defendants and cause these Defendants to incur great sums of money to defend this cause of action, and therefore these Defendants will seek reimbursement of its attorneys fees and costs pursuant to 42 U.S.C. Section 1983 and *N.J.S.A.* 2A:15-59.1.

24. These Defendants are shielded from liability for civil damages because the alleged conduct did not violate clearly established statutory and/or constitutional rights of which a reasonable person would have known.

25. These Defendants are protected by a qualified privilege and thus Plaintiff is barred from any recovery herein.

26. Plaintiff's claims are not actionable because there is no evidence or allegation that the alleged governmental misconduct was the result of deliberate indifference by these Defendants.

27. At all times relevant hereto, these Defendants had the legal right to detain and restrain Plaintiff for purposes of the protection of this Defendant and other members of the public; said detention was reasonable in both type and length.

28. At no time relevant to this litigation was Plaintiff deprived of life, liberty or property thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

29. At all times relevant to this litigation, these Defendants acted in good faith and with probable cause and entertained an honest, reasonable belief that the actions of these Defendants was reasonable and necessary thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

30. The conduct of these Defendants did not deprive Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

31. Plaintiff has failed to establish a prima facie case of violation of 42 U.S.C. 1983.

32. Plaintiff has failed to establish a prima facie cases of violation of 42 U.S.C. 1985

33. The conduct of these Defendants in apprehending Plaintiff was reasonable and proper.

34. These defendants have no policy, scheme, practice nor custom to violate the constitutional rights of any of its citizens, nor do these Defendants have a custom,

policy, scheme or practice to tolerate or permit violation of constitutional rights.

35. Plaintiff failed to properly comply with the notice provisions of the New Jersey Tort Claims Act.

36. These Defendants denied the allegations of improper conduct as set forth in plaintiff's complaint; however, the alleged misconduct does not rise to the level of a Constitutional violation.

37. No malicious intent of causing a deprivation of Plaintiff's Constitutional rights has been factually set out against these Defendants.

38. These Defendants reserve the right to apply to this Court for the imposition of sanctions against Plaintiff and counsel, pursuant to Rule 11, and to make an application for counsel fees and costs of suit, pursuant to Section 1988 of Title 42 of the United States Code Annotated on the basis that the within cause of action is without merit, is frivolous and has been instituted by Plaintiff in bad faith and with the intent to harass these Defendants and to cause it to incur great expenses in defense of same, all to the damage of these Defendant.

39. At no time relevant to this litigation did Plaintiff sustain any violation of his civil rights pursuant to a governmental policy or custom thereby precluding Plaintiff from maintaining any causes of action for violation of his civil rights.

40. Plaintiff was not entitled to procedural due process.

41. Plaintiff's procedural due process was satisfied.

42. There was no intentional substantive conspiracy to violate Plaintiff's Constitutional Rights.

43. The Complaint fails to state a cause of action against these Defendants.

44. These Defendants had no direct and personal participation in the alleged occurrence.

45. No malicious intent of causing a deprivation of Plaintiff's civil rights and/or constitutional rights has been factually set out against these Defendants.

46. Any claim of Plaintiff is the direct result of actions of other unnamed Defendants over whom these Defendants have no control.

47. The conduct of these Defendants was reasonable and proper.

48. There was no willfulness involved in any of the events involving the factual basis upon which the suit is based.

49. These Defendants acted on reasonable grounds and without malice, and, therefore, is not answerable to Plaintiff in damages.

50. Any action or failure to act on the part of these Defendants, was in the nature of the discretionary activity within the meaning of N.J.S.A. 59:2-3 and, accordingly, no liability may be imposed upon these Defendants.

51. These Defendants are entitled to absolute immunity.

52. These Defendants are immune from suit by virtue of the applicable Statutes of the State of New Jersey.

53. This action is barred by reason of the procedural provisions of N.J.S.A. 59:1-1 et seq. in that Plaintiff did not comply with the preconditions to filing suit.

54. Plaintiff is barred from recovery for failure to present and otherwise file a Notice of Claim within the time, form and place as required by Chapter 8 of Title 59 of the New Jersey Revised Statutes and, as such, these Defendants are immune from liability and Plaintiff is barred from recovery.

55. This court lacks jurisdiction over these defendants as they were not properly served with the summons and complaint.

## CROSSCLAIM FOR CONTRIBUTION

Without admitting any liability whatsoever, Defendants, Township of Woodbridge, Officer Anderson and Officer Dougherty hereby demand from co-defendants, Rutgers University Behavior Health, Victoria Moran abd Laura Burns, contribution pursuant to any/all applicable provisions of common law and/or contract and/or statute, including but not limited to the New Jersey Joint Tortfeasors Contribution Act, *N.J.S.A.* 2A:53A1, *et seq.*; the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1 *et seq.*; the New Jersey Tort Claims Act, *N.J.S.A.* 59:9-3, 59:9-4, and/or by way of demand for complete contribution from said Defendant, assert that any negligence on the part of this answering Defendant is only secondary, vicarious and imputed whereas the negligence of Co-Defendants Rutgers University Behavior Health, Victoria Moran and Laura Burns was primary, direct and active.

**WHEREFORE,** these Defendant demands judgment against the Co-Defendants, Rutgers University Behavior Health, Victoria Moran and Laura Burns, together with interest and costs of suit.

## ANSWER TO ALL CROSSCLAIMS

These Defendants by way of Answer to any and all Crossclaims heretofore and hereafter asserted against it respectfully states that it denies each and every allegation contained in any and all such Crossclaims and leaves the Crossclaimants to their proofs as to all issues.

**WHEREFORE,** these Defendants demands judgment dismissing any and all Crossclaims, plus costs either heretofore or hereafter asserted against them.

## JURY DEMAND

These defendants demand a trial by jury as to all issues involved herein.

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that ERIC L. LANGE, Esq., is designated as trial counsel.

JAMES P. NOLAN AND ASSOCIATES
Attorneys for Defendants
Township of Woodbridge, Officer
Anderson and Officer Dougherty

Dated: October 4, 2018

BY: _____
Brian A. Bontempo, Esq.

## CERTIFICATION

I hereby certify that the within Answer to Complaint was served within the time provided by the Rules of Court. I further certify, that to the best of my knowledge, there are no other pending actions involving the subject matter and no other parties who should be joined in the action.

                        JAMES P. NOLAN AND ASSOCIATES
                        Attorneys for Defendants,
                        Township of Woodbridge, Officer
                        Anderson and ~~Officer~~ Dougherty

Dated: October 4, 2018        BY: _____
                                        Brian A. Bontempo, Esq.

## PROOF OF MAILING

On October 9, 2018 the undersigned, forwarded to the Clerk of the District Court via electronic filing and to all parties of record via regular mail a copy of the within Answer.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

                        JAMES P. NOLAN AND ASSOCIATES
                        Attorneys for Defendants,
                        Township of Woodbridge, Officer
                        Anderson and Officer Dougherty

Dated: October 4, 2018        BY: _____
                                        Brian A. Bontempo, Esq.