UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH W. BERNISKY, III,<br><br>*Plaintiff,*<br>v.<br><br>RUTGERS UNIVERSITY BEHAVIOR HEALTH, et al.,<br><br>*Defendant,* | 3:18-cv-8735 (PGS)(DEA)<br><br>MEMORANDUM<br>AND ORDER |

**SHERIDAN, U.S.D.J.**

Presently before the Court is Plaintiff Joseph W. Bernisky's motion to remand, ECF No. 7. Plaintiff filed the Third Amended Complaint in the Superior Court of New Jersey, Middlesex County, on March 28, 2018. (Notice of Removal ("NOR"), ECF No. 1, at ¶ 5). This case was removed by Defendants on May 2, 2018, pursuant to 28 U.S.C. § 1331. (NOR at ¶ 2).

On June 12, 2018, Plaintiff filed a letter with this Court regarding Defendant's removal, and stated "if any claims have been interpreted as federal claims, I shall, at this time, voluntarily remove them from the complaint, without ant waivers of my rights or prejudice so that this case may be remanded back to the Middlesex County Superior Court . . . ." (ECF No. 7). Accordingly, the Court considered Plaintiff's June 12, 2018 letter as motion to remand. (*Id.*) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons expressed herein, Plaintiff's Motion to Remand is denied. An order consistent with this Memorandum Opinion will be entered.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a); *see also*

1

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Accordingly, a defendant can remove an action to federal court pursuant to § 1441(a) if the plaintiff could have filed it there in the first instance. After removal, a party can move to remand the action back to state court. 28 U.S.C. §1447(c). The removing party bears the burden of establishing the court's jurisdiction. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). On a motion to remand, the burden of demonstrating a proper basis for removal remains with the removing party. *See Carroll v. United Air Lines*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998).

The statute governing federal question jurisdiction provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has explained that a claim arises under federal law within the meaning of Section 1331 if the "federal question is presented on the face of the plaintiff's properly pleaded Complaint," which is known as the well-pleaded complaint rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Plaintiff has alleged several federal causes of action: (1) a violation of the Fourth Amendment (Count Nine); (2) a violation of the First Amendment (Count Ten); a violation of 31 U.S.C. § 3730(h) (Count Sixteen); and a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq (Count Seventeen). Thus, Plaintiff's complaint plainly presents a federal question over which this Court has subject matter jurisdiction. Additionally, the Court has supplemental jurisdiction over the Plaintiffs' state law claims. 28 U.S.C. § 1367(a); *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997). For these reasons, Plaintiff's motion to remand is denied.

ORDER

This matter having come before the Court on Plaintiff Joseph W. Bernisky's Motion to Remand, (ECF No. 7), and the Court having carefully reviewed and taken into consideration the submissions of the parties, and for the reasons expressed above,

IT IS on this 18th day of March, 2019,

ORDERED that Plaintiff's Motion to Remand (ECF No. 7) is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.